IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARK A. HURT,<br>FCI Edgefield<br>501 Gary Hill Road<br>P.O. Box 723<br>Edgefield, SC 29824,<br><br>                Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF PRISONS,<br>320 First Street, N.W.<br>Washington, D.C. 25034<br><br>and<br><br>HARLEY G. LAPPIN,<br>Director, Federal Bureau of Prisons<br>320 First Street, N.W.<br>Washington, D.C. 25034,<br>sued in his official capacity,<br><br>and<br><br>DIRECTOR,<br>Dismas Charities Community Correctional<br>Center<br>8709 Thomason Road<br>Macon, GA 31208<br>sued in his official capacity,<br><br>                Defendants. | CASE NO.: 3-CV-0265 |

COMPLAINT
(Declaratory Judgment)

COMES NOW, Mark A. Hurt, by and through counsel, and for his cause of action alleges as follows:



**1.**

Plaintiff Mark Hurt is a citizen of the United States and a resident of the State of Georgia.

**2.**

Defendant Bureau of Prisons (hereinafter the "BOP") is an agency of the United States government and has its principal office at 320 First St., NW., Washington, D.C. 20534 and operates a Community Correctional Center in this District.

**3.**

Harley G. Lappin is the Director of the Bureau of Prisons and is sued in his official capacity.

**4.**

Dismas Charities Community Correctional Center is located in this District.

**5.**

This is a civil action arising under the laws and Constitution of the United States and this Court has jurisdiction for the complaint herein pursuant to 28 U.SA.C. §1331 and 28 U.S.C. §§2201 and 2202.

**6.**

Venue is proper in this District because defendant BOP operates a community corrections center in this District and defendant Dismas is located in this District and operates the Community Correctional Center to which Plaintiff Mark A. Hurt was to be transferred. In addition, this Court imposed the sentence whose implementation is the subject of this action.

**7.**

On September 4, 2002, this Court in <u>United States v. Mark Hurt</u>, Docket No. 5:02-CR-00016-001-DF sentenced plaintiff to a term of eighteen months in the custody of the BOP.

**8.**

On or about November 5, 2002, the BOP informed plaintiff that it had exercised its discretion and had prepared all necessary documentation to transfer plaintiff to the Dismas Charities Community Correctional Center in Macon on or about August 15, 2003, six months from the end of his term of imprisonment.

**9.**

On or about February 5, 2003, the BOP informed plaintiff that it had deferred plaintiff's date of transfer to Community Correctional Center to January 7, 2004, a date within 10% of the end of his term of imprisonment.

**10.**

Plaintiff filed administrative appeals, all of which were denied. The sole basis for the denial was a change in policy that was said to prevent plaintiff from going to a Community Correctional Center until he was within 10% of the end of his term of imprisonment.

**11.**

Plaintiff has exhausted his administrative remedies.

**12.**

Defendants have made the discretionary determination to transfer plaintiff to a Community Correctional Center. The discretionary determination was made to transfer on

or about August 15, 2003 and its implementation was delayed until January 2004, not because of an exercise of discretion, but because of a new rule promulgated by BOP based on a new legal opinion of the Department of Justice.

### 13.

The new regulation or rule perpetrated a denial of due process on plaintiff and denied him equal protection of the law.

### 14.

The new regulation or rule was promulgated outside of the Administrative Procedures Act and constitutes an arbitrary and capricious act by the BOP and is therefore void.

### 15.

Plaintiff will suffer irreparable harm because of this new BOP policy.

### 16.

If this Court does not grant a declaratory judgment declaring that plaintiff's transfer to the Community Correctional Center in Macon, Georgia was improperly delayed or revoked and restore Mr. Hurt to his formerly determined transfer date of August 15, 2003 he will be deprived of equal protection and due process of law and he will be irreparably harmed.

**WHEREFORE,** plaintiff requests that this Court issue a declaratory judgment declaring the BOP policy change of December 20, 2002, void and ordering the BOP to restore Mr. Hurt to his former status and set aside the order delaying or revoking his transfer to the Community Correctional Center in Macon, Georgia, and to provide such further relief as this Court deems just and equitable.

- 5 -

Respectfully submitted,

*/s/ Brian Schaughnessy (by ttk w/ express permission)*
Brian W. Shaughnessy

SHAUGHNESSY, VOLZER & GAGNER, PC
1101 Fifteenth Street, NW
Suite 202
Washington, DC 20005
(202) 828-0900

*/s/ John Flanders Kennedy*
John Flanders Kennedy

HALL, BLOCH, GARLAND & MEYER, LLP
577 Mulberry Street, Suite 1500
P.O. Box 5088
Macon, GA 31208-5088
(478) 745-1625

Attorneys for the Plaintiff
Mark A. Hurt